MEMORANDUM[1]
Plaintiff-Appellant Lindsay K. Hunt appeals the district court’s order granting the City Defendants motion for summary judgment on Hunt’s First Amendment claim, and evidentiary rulings at trial pertaining to the admission of expert testimony and the expert’s written report. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons set forth below, we affirm the district court.
1. We review the district court’s grant of summary judgment de novo. Davis v. Las Vegas, 478 F.3d 1048, 1053 (9th Cir.2007). The Supreme Court has held that “when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.” Garcetti v. Ceballos, 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). As a Portland Police Bureau Officer, Hunt had the duty to report misconduct by other officers. Viewing the facts in the light most favorable to Hunt (thereby eliminating any alleged disputed facts), a practical inquiry demonstrates that this duty was not altered by an alleged “unwritten policy” or statements made to Hunt by her supervising officers, who had no authority to change the policy. Because Hunt had a duty to report such misconduct, her speech was not protected under the First Amendment and the district court’s grant of summary judgment was proper.
2. We review evidentiary rulings on the admissibility of expert witness testimony for abuse of discretion. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). Evidentiary rulings should not be reversed “absent some prejudice.” Defenders of Wildlife v. Bernal, 204 F.3d 920, 927-28 (9th Cir. 2000).
Under Federal Rule of Evidence 702, an expert witness “may testify in the form of an opinion or otherwise if ... the expert’s ... specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.... ” Fed. R.Evid. 702. Under Federal Rule of Evidence 704(a), an expert opinion “is not objectionable just because it embraces an ultimate issue.” Fed.R.Evid. 704(a).
Before the medical expert was allowed to testify, the district court circumscribed the scope of his testimony. The district court ruled that the expert could not opine on Hunt’s believability. Accordingly, the district court excluded the testimony to the extent it related to liability and allowed it only as to damages causation. Because the district court circumscribed the scope of trial testimony, and because the district court limited the testimony to the issue of damages causation, allowing the testimony was not an abuse of discretion. While the expert testified that Hunt suffered from PPD, and that she had this condition before becoming a police officer, the district court did not allow the expert to connect any inference that might be drawn regarding what effect, if any, PPD had on Hunt’s perception of the rele *753 vant events. The issue of Hunt’s credibility was left to the jury.
3. With respect to the expert’s written report, we conclude that the report is hearsay to which no hearsay exception applies. The district court did not explain its basis for admitting the report at trial. Therefore, we conclude that it was error for the district court to admit the inadmissible report. However, we decline to reverse the jury’s verdict because Hunt has not shown that “more probably than not, the lower court’s error tainted the verdict.” Tennison v. Circus Circus Enterprises, Inc., 244 F.3d 684, 688 (9th Cir. 2001).
The district court heavily redacted the expert’s written report, and the written report was largely cumulative of the expert’s trial testimony. While cumulative testimony may be excluded under Federal Rule of Evidence 403, we cannot conclude that the admission of cumulative testimony in this case was prejudicial. Hunt’s counsel participated in redaction of the written report, and therefore provided input on the limitations placed on the expert’s testimony. Moreover, counsel objected to only a single statement made by the expert at trial. While the district court’s ruling on this statement is not clear, even if the district court overruled the objection in error, Hunt has not shown that she was prejudiced by this single statement. Because the report was cumulative of the trial testimony, and because counsel participated in limiting the scope of such testimony, we conclude that the district court’s error in admitting the written report was not prejudicial.
AFFIRMED.

. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.